UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MICHAEL MARKOS, JOEL CORTES, VINCENT
FAMIGHETTI, TYLAN GREEN, and MICHAEL BYRNE,
on behalf of themselves and all others
similarly situated

                                  22 Civ. 6600

                                  **COMPLAINT**

                    Plaintiffs,

     -against-

JOHNSON CONTROLS INC.,

                    Defendant.
--------------------------------------------------------------------X

       Plaintiffs, MICHAEL MARKOS, JOEL CORTES, VINCENT FAMIGHETTI, TYLAN

GREEN, and MICHAEL BYRNE, by their attorneys, Menken Simpson & Rozger LLP, allege as

follows:

**PRELIMINARY STATEMENT**

       1.     Plaintiffs are electrical workers currently or formerly employed by Johnson

Controls Inc. ("Johnson Controls") who performed electrical installation work on various public

projects in the City and State of New York.

       2.     Plaintiffs frequently worked more than 40 hours per week and were not paid time-

and-one-half their regular rate of pay (meaning the prevailing wage rate when required under

New York law) for the hours they worked over 40 in a week.

       3.     Plaintiffs installed and retrofitted various security camera, access control, fire

alarm, and other electrical systems in and on publicly-financed construction projects such as the

Bronx County Courthouse and the Staten Island Ferry terminals.

       4.     Plaintiffs were not paid the total amount of prevailing wages and supplemental

benefits for the occupation "Electrician" according to the New York City and New York State Prevailing Wage Schedules, as required by statutorily required contractual terms set forth in New York Labor Law ("NYLL") § 220.

5.      Plaintiffs bring this action on behalf of themselves and all similarly situated former and current employees of Defendant Johnson Controls who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA that have deprived Plaintiffs and others similarly situated of their lawful wages, including overtime for all hours worked in excess of forty in a week.

6.      Plaintiffs also bring this action as third party beneficiaries of Defendant's prevailing wage contracts.  Defendant failed to comply with the statutorily-required provision of all publicly-financed contracts entered into in the State of New York to abide by NYLL § 220, requiring the proper payment of prevailing wages and supplemental benefits as set by the New York State Department of Labor and the City Comptroller.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391(b)(1), as Defendant conducts business in this district to a sufficient degree to be considered a resident of this district, pursuant to 28 U.S.C. § 1391(d).

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

Sec. 2201 and 2202.

## **PARTIES**

10.     Plaintiff Michael Markos resides in Bayonne, New Jersey and is a current employee of Defendant in its "Technical Division" or "T Division," working mainly on security, access control, and other electrical systems affixed to both public and private buildings and vessels.

11.     Plaintiff Joel Cortes resides in Jersey City, New Jersey, and is a current employee of Defendant in its "Technical Division" or "T Division," working mainly on security, access control, and other electrical systems affixed to both public and private buildings and vessels.

12.     Plaintiff Vincent Famighetti resides in Queens, New York, and is a current employee of Defendant in its "Technical Division" or "T Division," working mainly on security, access control and other electrical systems affixed to both public and private buildings and vessels.

13.     Plaintiff Tylan Green resides in Bayonne, New Jersey.  He was employed from January 2018 until 2021 by Defendant in its "Technical Division" or "T Division," working mainly on security, access control, and other electrical systems affixed to both public and private buildings and vessels.

14.     Plaintiff Michael Byrne resides in College Point, New York, and is a current employee of Defendant in its "Technical Division" or "T Division," working mainly on security, access control, and other electrical systems affixed to both public and private buildings and vessels.

15.     At all times relevant to this Complaint, Plaintiffs were employees of Johnson

Controls, within the meaning of the FLSA, 29 USC § 203(e) and the NYLL § 190(2), and were

laborers, workers, or mechanics within the meaning of NYLL § 220.

16.     Defendant Johnson Controls Inc. is a Wisconsin corporation with a principal place

of business in Milwaukee, Wisconsin.

17.     Johnson Controls is a part of the multinational conglomerate Johnson Controls

International plc located in Cork, Ireland. The conglomerate is traded on the New York Stock

Exchange and reported $31 billion in revenues in 2018.

18.     Plaintiffs bring their FLSA claims on behalf of themselves and all similarly

situated persons who work or have worked for Johnson Controls and who did not receive

overtime pay at the rate of time and one-half their regular rate of pay for all hours worked in

excess of forty in a workweek on public projects ("FLSA Collective Action").  Defendant

Johnson Controls is liable under the FLSA for, *inter alia*, failing to properly compensate

Plaintiffs, and as such, notice should be sent to the FLSA Class.

19.     Plaintiffs performed electrical installation work on public projects in that they,

among other tasks, installed a/k/a "ran" wire for security cameras, access control, and other

systems; installed security cameras; installed card access security systems, removed outdated and

non-functioning cameras and other devices, and programmed and commissioned newly installed

camera and security systems.

20.     Plaintiffs did this electrical installation work on publicly-owned and/or financed

projects such as the Staten Island Ferry, the Staten Island Ferry terminals, the City University of

New York, the State University of New York, and the Metropolitan Transportation Authority

(MTA).

21.     Plaintiffs frequently worked more than forty hours in a workweek that included

4

hours worked on public projects subject to prevailing wages.  During those workweeks, Defendant did not base the Plaintiffs' overtime rate of pay on the prevailing wage rate to which Plaintiffs were entitled.

22.     Article 8 of the New York Labor Law requires that all contracts and subcontracts entered into for the performance of public works in New York City include contract terms requiring that individuals who work pursuant to such contracts be paid the prevailing wage and supplemental benefits at rates to be determined by the New York City Comptroller.

23.     Plaintiffs did electrical service work but Defendant did not pay them the prevailing wage or supplemental benefits rate as required by said contract terms.

24.     The statutorily required promise to pay and ensure payment of the prevailing wage, supplements, and overtime in the public works contracts was made for the benefit of all workers furnishing electrical service work on the sites of public works projects and, as such, Plaintiffs furnishing such labor are the beneficiaries of that promise and the contracts entered into by Defendant and/or the contractor and government agencies.

25.     Upon information and belief, at various times between 2016 and the present, Defendant Johnson Controls entered into contracts with government agencies and/or public benefit corporations, to provide electrical installation work and employed Plaintiffs to perform the required work, including but not limited to work on the public projects described above.

26.     To the extent that Johnson Controls did not expressly enter into contracts with government agencies and/or public benefit corporations it entered into a subcontract with that public project's general contractor which required, expressly or by operation of law, that it pay Plaintiffs the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract or subcontract terms.

27.     Defendant Johnson Controls willfully failed to pay Plaintiffs engaged in such electrical installation work on said public works projects the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract terms.

28.     In performance of Defendant's contracts and subcontracts on public works projects, Plaintiffs performed electrical installation work as described above.

29.     Defendant Johnson Controls frequently failed to pay Plaintiffs the correct prevailing wage rate, despite the fact that they were doing electrical installation work.

30.     Plaintiffs were not paid their supplemental benefits at the Electrician prevailing wage rate, but instead were paid at a lower rate.

31.     The prevailing wage hourly rate for the occupation "Electrician" in New York City, as set by the New York City Comptroller's Office, was for example $58.00 per hour in June of 2021.

32.     The supplemental benefits rate for the occupation "Electrician" in New York City, as set by the New York City Comptroller's Office, was for example $58.46 per hour during June of 2021. The supplemental benefit rate is to be paid for each hour worked.

33.     Rather than be paid the required Electrician prevailing wage rate in, for example, June of 2021, Plaintiffs were paid hourly pay and benefits based on the lower Electrician-Alarm Technician rate, which in June of 2021, for example, was only $33.90 per hour, plus $18.43 per hour for fringe benefits.

34.      As examples of Defendant's illegal pay practices, Plaintiff Markos during the time period 2018-2021, was assigned full-time to work at the Staten Island Ferry terminals and vessels, installing and running wire and installing security cameras and access control systems. Plaintiff Markos also performed electrical installation work on buildings on the Brooklyn

College campus.

35.     During that time Plaintiff Markos worked numerous weeks of 40 hours or more performing such electrical installation work, but was never paid the required Electrician prevailing wage rate, nor was he paid overtime pay at the required Electrician prevailing wage rate.

36.     Plaintiff Cortes worked on a variety of electrical installation public projects for Defendant.  For example, during 2016-2018 he worked on the MTA's Union Square subway station project, replacing security cameras and programming them to function as part of the security system.  During 2018-2020, he worked about half of his workweeks on the aforesaid Staten Island Ferry project, installing access control systems including installing wire.

37.     During that time Plaintiff Cortes worked numerous weeks of 40 hours or more performing such electrical installation work, but was never paid the required Electrician prevailing wage rate, nor was he paid overtime pay at the required Electrician prevailing wage rate.

38.     Plaintiff Famighetti also performed electrical installation work after 2018 on the Staten Island Ferry project, running wire and installing security cameras and access control systems, until he was removed from that project for complaining about not being paid prevailing wages.  Plaintiff Famighetti also performed electrical installation work for SUNY, the College of Staten Island, and the Moynihan train station public project.

39.     During that time Plaintiff Famighetti worked numerous weeks of 40 hours or more performing such electrical installation work, but was never paid the required Electrician prevailing wage rate, nor was he paid overtime pay at the required Electrician prevailing wage rate.

40.     Plaintiff Tylan Green, during the time period 2018-2021, was assigned full-time alongside Plaintiff Markos to work at the Staten Island Ferry terminals and vessels, installing and running wire and installing security cameras and access control systems.

41.     During that time Plaintiff Green worked numerous weeks of 40 hours or more performing such electrical installation work, but was never paid the required Electrician prevailing wage rate, nor was he paid overtime pay at the required Electrician prevailing wage rate.

42.     Plaintiff Byrne worked for Defendant performing electrical installation work on a variety of public projects, including fire alarm system retrofitting at the College of Staten Island; fire alarm system retrofitting at Matshak Science Building on the CUNY campus; and new installation of a fire alarm system at CUNY – New York Institute of Technology Academic Complex building.

43.     During that time Plaintiff Byrne worked numerous weeks of 40 hours or more performing such electrical installation work, but was never paid the required Electrician prevailing wage rate, nor was he paid overtime pay at the required Electrician prevailing wage rate.

## FIRST CAUSE OF ACTION

### (FLSA: UNPAID OVERTIME WAGES)

44.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 64 herein.

45.     Defendant Johnson Controls engaged in a widespread pattern or practice of violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

46.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §

216(b). Plaintiffs' written consents are attached hereto and incorporated by reference.

47.     At all times relevant to this action, Plaintiffs and the putative collective were employed by Defendant Johnson Controls within the meaning of the FLSA, 29 U.S.C. § 203.

48.     At all times relevant to this action, Plaintiffs and the putative collective were engaged in commerce and Defendant Johnson Controls was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49.     Defendant Johnson Controls willfully failed to pay Plaintiffs and the putative collective overtime compensation at a rate of not less than one and one-half times their lawful regular rate of pay (i.e., the Electrician prevailing wage rate) for each hour worked in excess of forty in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

50.     Defendant Johnson Controls failed to keep appropriate and accurate payroll and time records as required by federal law.

51.     Due to the FLSA violations committed by Defendant Johnson Controls, Plaintiffs and the collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### (NYLL: UNPAID OVERTIME WAGES)

52.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 72 herein.

53.     At all times relevant to this action, Plaintiffs were employed by Defendant Johnson Controls within the meaning of New York Labor Law Article 6 § 190.

54.     Defendant Johnson Controls willfully violated the rights of Plaintiffs by failing to

pay them overtime compensation at rates not less than one and one half times their lawful regular rate of pay for each hour worked in excess of forty in a workweek, in violation of New York Minimum Wage Act (New York Labor Law Article 12) and its regulations, N.Y.C.R.R. Sec. 142-2.2.

55.     Defendant Johnson Controls willfully violated the rights of Plaintiffs by failing to pay them wages due and owing for work performed in violation of the New York State Labor law.

56.     Due to the New York Labor Law violations committed by Defendant Johnson Controls, Plaintiffs are entitled to recover their unpaid overtime premium wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

### THIRD CAUSE OF ACTION

### (BREACH OF THIRD-PARTY BENEFICIARY CONTRACT)

57.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 77 herein.

58.     Article 8 of the New York Labor Law, specifically § 220(3)(a), (b), requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

59.     The statutorily required incorporation of such terms into all public works contracts and subcontracts in the State of New York exists for the benefit of Plaintiffs.

60.    Defendant Johnson Controls breached their public works contracts and/or subcontracts by failing to pay Plaintiffs the proper prevailing wage and supplemental benefits rate for all hours worked doing electrical installation work in performance of said contracts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, prays for the following relief:

a.    That, at the earliest possible time, Plaintiffs be permitted to give notice of this collective action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendant Johnson Controls as electrical workers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their lawful overtime compensation;

b.    Unpaid overtime wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.*, and New York Labor Law Article 6 § 198 1-a;

c.    An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*;

d.    An additional and equal amount of unpaid wages as liquidated damages pursuant to New York Labor Law Article 6 § 198;

e.    The difference between the wages paid to Plaintiffs for work on public works projects based on the proper, lawful prevailing wage plus

11

supplemental benefit rate at the time, and interest on said sum; and,

f.     Issuance of a declaratory judgment that the practices of Defendant

Johnson Controls complained of herein are unlawful under the FLSA and

New York State Labor Law.

Dated: New York, New York
       August 3, 2021

                                        MENKEN SIMPSON & ROZGER LLP


                          By:    _s/_____
                                 Jason J. Rozgeger
                                 80 Pine Street, 33nd Floor
                                 New York, NY 10005
                                 Tel. (212) 509-1616
                                 Fax (212) 509-8088
                                 jrozger@nyemployeelaw.com